# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-927V

| | |
|---|---|
| TERESA JUPITER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 18, 2024 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Adam N. Muffett, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On June 20, 2023, Teresa Jupiter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 17, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $75,000 for pain and suffering, and $1,270.47 to satisfy a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

- **A lump sum of $75,000 in the form of a check payable to Petitioner**; and

- **A lump sum of $1,270.47, representing compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to Petitioner and Optum. Petitioner agrees to endorse the check to Optum and send it to the following address:**

   **Optum**
   **Event No. 94032988**
   **P.O. Box 182643**
   **Columbus, OH 43218**

Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERESA JUPITER,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | No. 23-927V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 20, 2023, Teresa Jupiter ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on November 2, 2021.  Petition at 1.  On April 12, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on April 17, 2024 the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 18, 19.

**I.**     **Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of South Carolina Medicaid lien in the amount of $1270.47, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of may have against any individual as a result of any Medicaid payments the State of State of Carolina has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 2, 2021 under Title XIX of the Social Security Act.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $75,000.00 in the form of a check payable to petitioner; and

B. A lump sum payment of $1,270.47, representing compensation for satisfaction of the State of South Carolina Medicaid lien, in the form of a check payable jointly to petitioner and Optum.

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien and send it to the following address:

Optum
Event No. 94032988
P.O. Box 182643
Columbus, OH 43218

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> TRACI R. PATTON
> Assistant Director
> Torts Branch, Civil Division
>
> ***/s/ Adam N. Muffett***
> ADAM N. MUFFETT
> Trial Attorney
> U.S. Department of Justice
> Torts Branch, Civil Division
> P.O. Box 146
> Benjamin Franklin Station
> Washington, D.C. 20044-0146
> Tel: (202) 616-2895
> Adam.muffett@usdoj.gov

Date: July 15, 2024

3